Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 779 - 2 | **DATE** | 4/2/2004 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. LAURENCE W. CAPRIOTTI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The motion to suppress the January 5, 2000, tape recordings of a conversation between Hargrove and defendant Laurence W. Capriotti is denied as moot. We deny the motion with respect to the other conversations for other reasons.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | APR 0 5 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 03 CR 779 |
| | ) | |
| LAURENCE W. CAPRIOTTI, JACK L. HARGROVE, MICHEL D. THYFAULT, JAMES R. WALLWIN and GEORGE J. STIMAC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
APR 05 2004

## MEMORANDUM OPINION AND ORDER

Jack Hargrove, one of the defendants, moves to suppress six tape recordings of telephone conversations. Only five are presently at issue because the government denies any intention of using one in its case-in-chief. Accordingly, the motion to suppress the January 5, 2000, tape recording of a conversation between Hargrove and defendant Laurence W. Capriotti is denied as moot. We deny the motion with respect to the other conversations for other reasons.

The government rests upon several grounds for the legality of the interceptions and Hargrove disputes each of them. We do not believe, however, that we need go beyond the first ground – Gary Bertacchi, a participant in each of the conversations, consented. 18 U.S.C. §2511(2)(d) provides that an interception is not unlawful "where one of the parties to the communication has given prior consent to such interception," unless the purpose was for reasons not relevant here.

Hargrove was chairman of the board of directors of Independent Trust Corporation (Intrust). Gary Bertacchi was president of Intrust and Capriotti was an Intrust director. The



board of directors, which was the three of them, in 1996 authorized a replacement of a reel-to-reel system of recording telephone calls. Implementation was left to a subordinate, James B. Jurewicz. The new system consisted of a group of lines called "loop lines," plus a number of private lines. To activate his or her private line, the sender pushed a button on the telephone. Otherwise, the call went out on the common office or "loop" lines. Apparently the directors were unfamiliar with the details, as is evident by Bertacchi's deposition in a civil action. Bertacchi was unaware that calls on his private line were recorded, until he heard a recoding of a call on his private line in or about September 1999. Hargrove claims he did not know that calls on private lines were recorded, and Capriotti claims he did not know that the calls which are the subject of the motion were recorded (although Jurewicz says he told Capriotti in 1998 that all calls were needed, except those on a pay phone).[1]

All five calls were placed from Bertacchi's office or the conference room to Hargrove. The office had a private line; the conference room did not. The only call on the office private line was on November 11, 1999, when Bertacchi and Capriotti called Hargrove. While Bertacchi is "virtually" certain he placed all the calls, who placed them is irrelevant. Bertacchi was a party to all the communications. The November 11, 1999, call was well after September 1999. Bertacchi knew the call was being recorded. He knew the other calls were being recorded. He did not need to sign a consent declaration. Use after actual notice is implied consent. United States v. Workman, 80 F.3d 688, 693 (2d Cir. 1996), *cited favorably* in Amati

---

[1] The questioning of Bertacchi seems to have focused primarily on incoming calls and Hargrove refers to the purpose of the system as the recording of "customer and customer representative, account-related directions," although he concedes he was aware that a phone taping system was in place. Bertacchi has made it very clear in two affidavits that he knew the system taped both incoming and outgoing calls, and one would be hard-pressed to conjure up a reason why a company would wish to record conversations of calls placed by customers to Intrust and not calls placed by Intrust to customers. And, obviously, a recording device is not activated or deactivated by the substance of the conversation or the nature of the call.

v. City of Woodstock, 176 F.3d 952, 954 (7th Cir. 1999).

The motion is denied.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

April 2, 2004.