IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 03 CR 779 |
| | ) | |
| JACK L. HARGROVE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Who should end up with $865,682,59 plus interest, now held by the District Court Clerk, should be fact-driven and not that complicated, but the facts remain illusive. We lay them out as we understand them, reach a judgment, and await one or both parties to tell us we have it wrong.

Pricewaterhouse Corp., as receiver for Independent Trust Corporation ("In Trust") seeks recovery of bond proceeds. Fidelity National Title Company of New York ("Fidelity") claims its interests are superior. And, how did they get there?

In Trust and Fidelity were both victims, directly or indirectly, of a massive fraud. Back before the sweep of the fraud was recognized, back in 2000, Fidelity acquired a secured interest in a real estate development known as the Arrowhead or Mokena properties (we will refer to it as Arrowhead). Then, on May 21, 2004, that security interest was released in return for a 30% interest in the net proceeds. According to In Trust, Fidelity has been paid its 30%, some $779,426.40. The $865,682.59 came from the 70% of the Arrowhead sales proceeds and was used to finance defendant Hargrove's bond.

Upon conviction, Hargrove was ordered to pay $58,000,000 in restitution, with the first

$9,350,000 to be distributed to In Trust. The government initially sought to forfeit the $865,682.59. It subsequently withdrew from that position, recognizing that Fidelity was the owner of the Arrowhead property – a recognition that may be erroneous.[1] We are not advised how Fidelity permitted the $865,682.59 to be posted for Hargrove's bond if it believed it had superior rights. In any event, the government seeks to vacate that forfeiture of the bond, the parties agree, and it is so ordered.

In the meantime, In Trust was also busy. It obtained a civil judgment against Hargrove in November 2006, for $50,000,000, and the state court directed the District Court Clerk to turn over all interest Hargrove had in the bond cash to In Trust. But what interest did Hargrove then have in the bond cash? And to what extent were Fidelity's interests considered?

We begin by recognizing that it is up to the government to seek forfeitures and enforce restitution orders, and it is not doing so here. 18 U.S.C. §3664(m)(1)(A). Its present position is that it has no interest in the $865,682.59. The dispute, then, is between In Trust and Fidelity. In Trust claims that the bond cash was a Hargrove asset available for restitution and first payable to In Trust. It also relies on the civil judgment and state court order. Fidelity, in turn, primarily relies on its claim to a property interest in the entire Arrowhead Trust development. And we are left with a belief that we should not be deciding the matter. This court tried the criminal case. We do not believe any of the bonding or sentencing orders conclusively established who was entitled to the bond cash. The government has not sought any

---

[1] Fidelity asserts that its original security interest was in the Arrowhead Trust and that its supplemental agreement and subsequent release dealt specifically with the sales proceeds of the *res* of that trust. To what extent this affects Fidelity's interests is something we do not address here, for the reasons cited below.

restitutional or other ruling. Rather, two private parties are contesting rights in a fund that happens to be on deposit in federal court, and which is no longer subject to a forfeiture order, and we think (although we are not at all sure) that the resolution of the dispute is up to state court applying state law. Accordingly, we deny In Trust's motion to adjudicate its interest in Hargrove's bond as restitution.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 7, 2008.